GERALD WILSON *vs.* DAN McCABE'S CREATIVE CARPENTRY, INC. February 27, 1981. The plaintiff's complaint that an adverse arbitration award should have been vacated because of the arbitrator's alleged failure to disclose fully his relationship with the parties and because of the arbitrator's alleged denial of his right to present his case fully is without a soupcon of merit. It borders on the outrageous. The arbitrator fully disclosed his relationship with counsel and a prospective witness before the proceedings commenced in accordance with § 12 of the Arbitration Rules of the Construction Industry. If we had no reason beyond this disclosure, the award could not be vacated. *Reed & Martin, Inc.* v. *Westinghouse Elec. Corp.*, 439 F.2d 1268, 1275 (2d Cir. 1971). Moreover, the plaintiff's argument of an "impression of partiality" because the arbitrator and the defendant's president had been active in affairs of the town and because the arbitrator knew the father-in-law of the defendant's president is without merit. Compare, *Commonwealth Coatings Corp.* v. *Continental Cas. Co.*, 393 U.S. 145, 146-148 (1968). The defendant is to be awarded double costs.

*Judgment affirmed.*

*Paul A. Kramer* for the plaintiff.
*Anthony L. Mancini* for the defendant.